```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                               :
TYRONE BLACKSON,                                               :
                                                               :
                              Plaintiff,                       :        14-CV-452 (VEC)
                                                               :
              -against-                                        :
                                                               :        MEMORANDUM
                                                               :        OPINION AND ORDER
CITY OF NEW YORK; WARDEN MS. ROSE                              :
ARGRO; C.O. FAULKNER; C.O. CAPT. LEVY;                         :
C.O. RAFFERTY; C.O. ORTIZ; C.O. DUBOIS,                        :
                                                               :
                              Defendants.                      :
                                                               :
-------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/02/2014

VALERIE CAPRONI, United States District Judge:

*Pro se* Plaintiff Tyrone Blackson brings claims pursuant to 42 U.S.C. § 1983 alleging that Correction Officers Faulkner, Rafferty, Ortiz[1] and Dubois, Captain Levy and Warden Rose Agro[2] violated his constitutional rights while Plaintiff was incarcerated at the Anna M. Kross Center ("AMKC"), a jail operated by the New York City Department of Correction ("DOC") on Rikers Island.  Plaintiff alleges that Defendants violated his rights by detaining him in the intake area of AMKC for between three-and-a-half and four-and-a-half days under conditions that caused him back pain, nerve pain and mental distress.  Plaintiff seeks monetary damages in the amount of $50,000.00.  Defendant moves to dismiss the complaint for failure to state a claim pursuant to

---

[1] By letter dated May 9, 2014, Defendants informed Plaintiff that that no correction officer with the surname Ortiz worked in the intake area of AMKC during the dates of the incidents alleged in the Complaint, and that the officer with the badge number identified by Plaintiff is Correctional Officer Humphrey Perez.  Plaintiff has not amended his Complaint to name Correctional Officer Perez or provided additional facts to identify and serve Defendant Ortiz.  Plaintiff's claims against Defendant Ortiz are therefore dismissed.  The Court notes that, even if Plaintiff had successfully identified and served Defendant Ortiz, the claims against him would be dismissed for failure to allege personal involvement in the violations against him, as discussed in Section (A), *infra*.

[2] Defendants' motion papers indicate that Defendant Argro's surname is actually Agro.  Although the caption has not been amended, the Court will refer to this Defendant as Defendant Agro.

Federal Rule of Civil Procedure 12(b)(6).  Because Plaintiff did not file a timely opposition or amended complaint after his opportunity to do so was extended by three months pursuant to the Court's Order of September 17, 2014, the Court considers Defendants' Motion to Dismiss fully-briefed.  For the following reasons, Defendants' Motion to Dismiss is GRANTED and Plaintiff's claims are dismissed without prejudice and with leave to replead.

## BACKGROUND

Plaintiff alleges that he was detained alongside previously-housed inmates in a holding area of AMKC from approximately 11:00 p.m. on November 18 or 19, 2013[3] until approximately 9 a.m. on November 23, 2013, apart from a brief departure for a court appearance.  Compl. at ECF pp. 2, 8.  Plaintiff asserts that this three-and-a-half or four-and-a-half day detention violated DOC rules requiring that new admissions be housed within twenty-four hours of arraignment and held separately from "house detainees."  *Id.* at 4, 6-8.  According to Plaintiff, the holding area where he was detained was "very overcrowded," such that there was not enough space for Plaintiff and the other detainees to lie down and sleep.  *Id.* at 6.  The holding cells were "dirty and stinking" and were "not mop[ped] or swe[pt]."  *Id.* at 8.  Moreover, despite Plaintiff's request, he and the other detainees were not permitted to shower.  *Id.* at 9.  Plaintiff further alleges that he was fed "only a sandwich for lunch and dinner."  *Id.* at 7.  As a result of these conditions, fights broke out among the detainees and some of them were injured.  *Id.*  Plaintiff was not injured during these fights but asserts that he felt "scared for [his] life" as a result of the fights.  *Id.* at 8.

Plaintiff alleges that he suffered various injuries as a result of his initial detention at AMKC, including back pain from laying on the ground, a recurrence of his sciatic nerve condition and mental distress.  *Id.* at 3, 7.  When Plaintiff asked for medical care, he was told by unnamed

---

[3]     Plaintiff's Complaint is inconsistent as to whether his admission at AMKC began on November 18, 2013, *see* Compl. at ECF p. 6, or November 19, 2013.  *See id.* at 2, 4.

officials that he would have to wait to receive medical care and that there was a long waiting list. *Id.* at 7. As a result, Plaintiff did not receive any medication or other treatment for his back pain, nerve condition and stress disorder. *Id.* at 3, 7-8.

When Plaintiff reported his concerns to Captain Levy and Correction Officer Faulkner, "they just didn't care at all." *Id.* at 8. Other unidentified officers threatened him and the other inmates and said they should "shut the hell up or [they] would stay in the holding pens for even longer." *Id.*

## DISCUSSION

In reviewing a motion to dismiss under Rule 12(b)(6), the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *N.J. Carpenters Health Fund v. Royal Bank of Scotland Grp., PLC*, 709 F.3d 109, 119 (2d Cir. 2013). In addition, a *pro se* complaint should be examined with "special solicitude," *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011), and should be "construed liberally and interpreted 'to raise the strongest arguments that [it] suggest[s].'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)).

Although Defendant's Motion to Dismiss is unopposed, the Court is still required to analyze the sufficiency of Plaintiff's complaint. *Haas v. Commerce Bank,* 497 F. Supp. 2d 563, 564 (S.D.N.Y.2007) (citing *McCall v. Pataki,* 232 F.3d 321, 322 (2d Cir.2000)). On a motion to dismiss, the Court must assess whether the complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Nielsen v. Rabin,* 746 F.3d 58, 62 (2d Cir.2014) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)). Despite the leniency granted to *pro se* Plaintiffs, a complaint cannot withstand a motion to dismiss unless it contains factual allegations sufficient to raise a "right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

To state a claim under 42 U.S.C. § 1983, Plaintiff must show that, while acting under color of state law, Defendants deprived him of a federal constitutional or statutory right. *See McKithen v. Brown,* 481 F.3d 89, 99 (2d Cir. 2007). In addition, to state a claim for damages, Plaintiff must allege "sufficient facts to demonstrate that [D]efendants were personally or directly involved in the alleged violation." *Harris v. Westchester Cnty. Dep't of Corr.,* No. 06 CIV. 2011 (RJS), 2008 WL 953616, at *9 (S.D.N.Y. Apr. 3, 2008) (citing *Provost v. City of Newburgh,* 262 F.3d 146, 155 (2d Cir.2001)); *see also Colon v. Coughlin,* 58 F.3d 865, 873 (2d Cir. 1995) ("personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under [Section] 1983" (internal quotation marks omitted)).

### A. Plaintiff Fails to Allege Personal Involvement as to Defendants Agro, Rafferty and DuBois

Plaintiff fails to allege that Defendants Agro, Rafferty and DuBois personally engaged in any unconstitutional conduct. Indeed, apart from naming them as Defendants, Plaintiff makes no specific allegations about them at all. When a plaintiff fails to allege how a particular defendant was personally involved in any of the actions or inactions that purportedly led to the violation of the plaintiff's constitutional or federal rights, dismissal is warranted. *See Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013). Therefore, Plaintiff's claims against Defendants Agro, Rafferty and DuBois are dismissed.

### B. Plaintiff Fails to Plead a Constitutional Violation Against Defendants Faulkner and Levy

As to the remaining two Defendants, Faulkner and Levy, Plaintiff fails to allege misconduct rising to the level of a constitutional violation. Although Plaintiff does not identify a specific constitutional violation, his allegations regarding the conditions of his confinement at AMKC and the lack of medical care he received there are most aptly construed as claims of

deliberate indifference in violation of Plaintiff's Fourteenth Amendment rights.[4] To establish a constitutional claim for deliberate indifference, Plaintiff must first show that he had an objectively "serious" condition, and second that Defendants responded to this condition with "deliberate indifference." *Caiozzo v. Koreman*, 581 F.3d 63, 72 (2d Cir. 2009) (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 106 (2d Cir. 2000)). *See also Wilson v. Seiter*, 501 U.S. 294, 297-98 (1991) (inmate must establish "deliberate indifference" to a need that is objectively "serious").

As to the seriousness of the alleged condition, to establish a claim based on inhumane conditions of confinement Plaintiff must allege "unquestioned and serious deprivations of basic human needs" or denial of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981). To plead deliberate indifference based on inadequate medical treatment, "the alleged deprivation must be sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain, exists." *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (quoting *Hathaway v. Coughlin,* 99 F.3d 550, 553 (2d Cir. 1996)). To establish a claim for deliberate indifference based on the failure to protect Plaintiff from the assaultive conduct of other inmates, Plaintiff must demonstrate that he was "incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan,* 511 U.S. 825, 834 (1994).

In addition to showing a "serious" condition, Plaintiff must also allege that Defendants "kn[ew] of and disregard[ed] an excessive risk to [Plaintiff's] health or safety" and that Defendants were "both . . . aware of facts from which the inference could be drawn that a

---

[4] A pre-trial detainee in state custody is protected against mistreatment by prison officials under the Due Process Clause of the Fourteenth Amendment, while a convicted prisoner is protected under the Eighth Amendment. *Caiozzo v. Koreman*, 581 F.3d 63, 69 (2d Cir. 2009). Plaintiff's Complaint, which states that he was arrested for misdemeanor theft and then remanded, indicates that Plaintiff was incarcerated as a pre-trial detainee at AMKC during the relevant period. In any event, courts evaluate claims for deliberate indifference under the same two-pronged standard, as stated *infra*, regardless of whether they are brought under the Eighth or Fourteenth Amendment.

substantial risk of serious harm exist[ed], and . . . also dr[e]w the inference." *Caiozzo*, 581 F.3d at 72 (citing *Farmer,* 511 U.S. at 837). *See also Nielsen*, 746 F.3d at 63 ("Deliberate indifference is a mental state equivalent to subjective recklessness….This mental state requires that the charged official act or fail to act while actually aware of a substantial risk that serious inmate harm will result.") (citations omitted).

### 1. Plaintiff Fails to State a Claim Based on Inhumane Prison Conditions

Plaintiff's allegations establish that he was subject to uncomfortable, unpleasant, and stressful conditions during his initial detention at AMKC, but they do not rise to the level of severity required to state a constitutional claim for deliberate indifference. First, Plaintiff's allegations that Defendants violated DOC regulations by failing to house him within twenty-four hours and confining him alongside "house detainees" is insufficient to state a § 1983 claim. *Davis v. Scherer*, 468 U.S. 183, 195 (1984) (an official's violation of a state regulation does not, without more, make the official liable under § 1983). In addition, Plaintiff's allegation that he was confined in an overcrowded area for up to three-and-a-half or four-and-a-half days falls short of establishing a deliberate indifference claim. In the absence of exceptional circumstances, conditions of overcrowding must be sustained for an "extended period of time" in order to constitute a serious constitutional deprivation. *See Bell v. Wolfish*, 441 U.S. 520, 542 (1979) (requiring that confinement in overcrowded cell be "over an extended period of time;" allegation regarding a stay in crowded cell for 60 days or less did not state a claim).[5] Likewise, Plaintiff's allegation that he was forced to sleep on the floor for several days is insufficient to state a claim. *See, e.g.*, *Rahman v. AMKC Warden*, No. 10 CIV 4402 (BMC), 2010 WL 4025614, at *2 (E.D.N.Y. Oct. 13, 2010) ("Plaintiff's claim that he slept on the floor for up to three days fails to

---

[5]   *See also Lareau v. Manson*, 651 F.2d 96, 105, 108-09 (2d Cir. 1981) (confinement in an overcrowded cell was "constitutionally permissible" when limited to 15 days or less for pretrial detainees and to 30 days or less for convicted prisoners).

allege a serious deprivation of basic human needs.") (citing *Hutto v. Finney,* 437 U.S. 678, 686-87 (1978) ("A filthy, overcrowded cell and a diet of 'grue' might be tolerable for a few days and intolerably cruel for weeks or months.)).

Similarly, Plaintiffs claims that the holding area was "dirty and stinking," that he and the other detainees were not permitted to shower, and that he was fed only a sandwich for lunch and dinner do not rise to the level of constitutional violations. *See, e.g., Williams v. Carbello*, 666 F. Supp. 2d 373, 379 (S.D.N.Y. 2009) (general allegations of uncleanliness are insufficient to establish an Eighth Amendment claim); *Hill v. Napoli*, No. 6:09-CV-6546 (MAT), 2014 WL 1322476, at *13 (W.D.N.Y. Mar. 31, 2014) (allegations that cell was dirty, infested with ants, and smelled of urine were insufficient to state a claim); *McCoy v. Goord*, 255 F. Supp. 2d 233, 260 (S.D.N.Y. 2003) ("A two-week suspension of shower privileges does not suffice as a denial of basic hygienic needs."); *Ford v. Phillips*, No. 05 CIV. 6646 (NRB), 2007 WL 946703, at *9 (S.D.N.Y. Mar. 27, 2007) (same); *McNatt v. United Manager Parker,* 99 Civ. 1397 (AHN), 2000 WL 307000, at *5–6 (D. Conn. Jan. 18, 2000) (conclusory allegations as to the inadequacy of food cannot establish a substantial deprivation absent showing of actual harm); *Waring v. Meachum*, 175 F. Supp. 2d 230, 239 (D. Conn. 2001) (the provision of cold food does not establish a constitutional violation as long as it is nutritionally adequate and "prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it") (quotations omitted)).

In addition, Plaintiff fails to allege that Defendants Faulkner and Levy were "actually aware of a substantial risk that serious inmate harm w[ould] result" from any of the alleged conditions. *Nielsen*, 746 F.3d at 63. Plaintiff states only that he told Faulkner and Levy "what was going on," but does not specify what harmful conditions he complained of, or what Faulkner and Levy otherwise knew – allegations that are necessary to establish a plausible claim that they

"kn[ew] of and disregard[ed] an excessive risk to [Plaintiff's] health or safety." *Caiozzo*, 581 F.3d at 72.  Plaintiff's claims based on inhumane prison conditions are therefore dismissed.

### 2. Plaintiff Fails to State a Claim Based on Inadequate Medical Care

Reading the Complaint in the most favorable light, Plaintiff alleges that Defendants acted with deliberate indifference in failing to provide him with adequate medical treatment.  Plaintiff alleges that the conditions at AMKC caused him to suffer back pain, sciatic nerve pain and mental distress, but no medical staff were available to provide him with medical care.  Compl. at ECF p. 3, 7.  When Plaintiff and other inmates requested medical attention, they were told that there was a long waiting list.  *Id.*  As a result, Plaintiff was not able to receive any medication or other medical treatment.  *Id.*

In evaluating the seriousness of the alleged medical condition, courts examine "whether a reasonable doctor or patient would find [the underlying condition] important and worthy of comment, whether the condition significantly affects an individual's daily activities, and whether it causes chronic and substantial pain." *Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006) (quoting *Chance v. Armstrong,* 143 F.3d 698, 702 (2d Cir.1998) (internal quotations omitted)).  Here, Plaintiff simply fails to allege sufficient facts to establish that he suffered from a serious medical condition while he was detained at AMKC.  Plaintiff's general allegations that he became "stressed out" due to his "mental stress disorders," Compl. at ECF p. 7, that his "nerve condition started reacting once again," and that he experienced "back pains" *id.* at 3, are, without more specific allegations as to the duration, severity and detrimental impact of the conditions, insufficient to state a claim.  *See Flemming v. Wright*, No. 9:11-CV-804 (NAM) (TWD), 2013 WL 4804493, at *10 (N.D.N.Y. Sept. 9, 2013) (general allegations of back pain are insufficient to state a claim for deliberate indifference); *Read v. Town of Suffern Police Dep't*, No. 10 CIV. 9042 (JPO), 2013 WL 3193413, at *6 (S.D.N.Y. June 25, 2013) (anxiety attacks may not be

sufficiently serious to satisfy the objective component of the "deliberate indifference" analysis). *But see Young v. Choinski*, No. 3:10-CV-606 (CSH), 2014 WL 962237 (D. Conn. Mar. 13, 2014) ("depression combined with severe anxiety attacks or suicide attempts is a serious medical need") (citations omitted)); *Faraday v. Lantz,* No. 03–CV–1520 (SRU), 2005 WL 3465846, at *5 (D. Conn. Dec. 12, 2005) (lower back pain documented by medical records and shown to have been caused by herniated discs and sciatica constituted a serious medical need); *Dobbin v. Artuz*, 143 F. Supp. 2d 292, 302 (S.D.N.Y. 2001) (documented chronic back injury that caused plaintiff severe and near constant pain was "sufficiently serious" to support a § 1983 claim).

Even assuming that Plaintiff could establish that he suffered from a serious medical condition while detained at AMKC, he pleads no facts demonstrating that the named Defendants "kn[ew] of and disregard[ed] an excessive risk to [Plaintiff's] health or safety." *Caiozzo*, 581 F.3d at 72. Plaintiff alleges that, when he complained about the lack of medical care, he was told by unnamed DOC personnel that he would "have to wait." Compl. at ECF p. 7. Nowhere does he allege that he discussed his particular needs with any of the named Defendants, or that the named Defendants were aware of but recklessly disregarded any serious medical needs. Plaintiff's claims based on inadequate medical care are therefore dismissed.

### 3. Plaintiff Fails to State a Claim Based on Defendants' Failure to Protect Him from the Harmful Conduct of Other Inmates

Plaintiff's allegations regarding fights involving other inmates, likewise, do not state a claim for deliberate indifference. While unfortunate, Plaintiff's allegations that the fights occurring around him made him feel "scared for [his] life" and that his "life was threaten[ed]" do not plausibly establish that Plaintiff was ever subject to a "substantial risk of serious harm." *Walker v. Schult*, 717 F.3d 119, 128 (2d Cir. 2013) (citation omitted). *See, e.g., Green v. City of N.Y. Dep't of Corr.,* No. 06 CIV. 4978 (LTS) (KNF), 2008 WL 2485402, at *6 (S.D.N.Y. June

19, 2008) (mere threats, "without any allegation that physical harm actually existed or was imminent" are insufficient plausibly to establish a substantial risk of harm); *Desulma v. City of New York*, No. 98 CIV. 2078 (RMB) (RLE), 2001 WL 798002, at *7 (S.D.N.Y. July 6, 2001) (verbal threats alone do not demonstrate a substantial threat of serious harm).  While an inmate need not actually suffer physical injury in order to show that he faced a "substantial risk of serious harm," *see Alsaifullah v. Furco,* No. 12 Civ. 2907 (ER), 2013 WL 3972514, at *12 (S.D.N.Y. Aug. 2, 2013) (citations omitted),[6] Plaintiff's allegations that *other* inmates were injured in fights is insufficient to show that he was personally at risk of serious harm at any time.

      Even if Plaintiff could show that the inmate fights around him subjected him to a substantial risk of serious harm, Plaintiff fails to allege that the named Defendants knew of and recklessly disregarded that risk.  *Farmer v. Brennan*, 511 U.S. 825, 847 (1994) (a prison official may be liable for failure to protect inmates from harm "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."). Plaintiff fails to allege that the named Defendants knew of, but disregarded, a substantial risk of serious harm, and therefore his claims for deliberate indifference based on Defendants' failure to protect him from harm are dismissed.

    **4.  Plaintiff Fails to State a Claim for Municipal Liability**

      To plead a claim for municipal liability against the City of New York, Plaintiff must plausibly allege that "action pursuant to official municipal policy" caused the alleged constitutional injury.  *Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011) (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691, 694 (1978)).  Because Plaintiff has

---

[6]     For example, one way a substantial risk of harm could be shown is in the case of threats that are "longstanding, pervasive, well-documented, or expressly noted by prison officials in the past." *Saunders v. Ricks*, No. 9:03-CV-598, 2006 WL 3051792, at *4 (N.D.N.Y. Oct. 18, 2006).

failed to plead an underlying constitutional violation against the individual Defendants, his *Monell* claims fails. *See Pinter v. City of New York*, 448 F. App'x 99, 106 (2d Cir. 2011) (because *Monell* claims are derivative in nature, "any claims dismissed as against the individual defendants must also be dismissed as against the City.") (citing *City of Los Angeles v. Heller,* 475 U.S. 796, 799 (1986)). *See also Rankel v. Town of Somers*, 999 F. Supp. 2d 527, 550 (S.D.N.Y. 2014) ("Absent an underlying constitutional violation, a *Monell* claim cannot lie."). Because Plaintiff has failed to allege an underlying constitutional violation against the individual Defendants, his claims against the City of New York are dismissed.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is granted, and the Plaintiff's claims are dismissed without prejudice and with leave to replead. If the plaintiff elects to file a second amended complaint, it should state specifically what injury or harm he was subjected to, when and how the harm occurred, who, if anyone, had notice of the risk of the harm, as well as when and how notice was given. Conclusory allegations are not sufficient. *See Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 556–57, 570). Any amended complaint in this action must be filed within thirty days of receipt of this Opinion. The Clerk of Court is respectfully requested to close the open motion at Docket # 13.

**SO ORDERED.**

Date: December 2, 2014        **VALERIE CAPRONI**
New York, NY        **United States District Judge**